```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Michael Thomas Hanson

    v.                                      Civil No. 13-cv-448-JD
                                                Opinion No. 2014 DNH 147
Richard Gerry, Warden,
New Hampshire State Prison

## O R D E R

Michael Thomas Hanson, proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeking release from his sentence imposed after Hanson violated the terms and conditions of his probation. After the warden filed his answer to Hanson's petition, Hanson filed a motion for summary judgment. The warden also filed a motion for summary judgment. Counsel entered an appearance on behalf of Hanson and filed a partial objection to the warden's motion for summary judgment and then moved to amend the objection. The motion to amend was granted.

## Background

Hanson pleaded guilty on April 17, 2012, in Rockingham County (New Hampshire) Superior Court, to two counts of attempted possession of child pornography. Pursuant to the plea agreement, Hanson was sentenced on April 17, 2012, to twelve months in prison with credit of 365 days for pretrial confinement on the first count and to twelve months in prison with pretrial confinement credit of forty-two days, suspended for two years, on

the second count.  Hanson was also sentenced to two years of probation.

Suspension of the prison sentence and probation were subject to certain conditions.  Hanson was required, among other things, "to participate meaningfully and complete any counseling, treatment and educational programs as directed by the correctional authority or Probation/Parole Officer," to "undergo an adult sexual offender evaluation by an evaluator/treatment provider that is approved by the State within 60 days; . . . [and] meaningfully comply with any and all treatment recommendations."  In addition, the addendum to his sentence provided that "the above conditions shall be monitored by the Department of Corrections, Division of Field Services" and stated that the terms of the addendum were specific conditions of Hanson's probation.  The sentencing document notified Hanson that "[v]iolation of probation or any of the terms of this sentence may result in revocation of probation and imposition of any sentence within the legal limits for the underlying offense."

Ronald Hebert served as Hanson's probation officer.  On June 25, 2012, Hebert filed a "Violation of Probation" against Hanson on the ground that Hanson had not provided a completed sexual offender evaluation as required by the terms of his probation.  The state filed a motion to find that Hanson had violated the terms of his probation.  A hearing was held on the motion on August 23, 2012.

Hebert testified that Hanson told him he had obtained a sexual offender evaluation, but Hanson refused to provide it to Hebert.  Hanson said that he only wanted to release limited information.  Hebert explained that Hanson would have to sign a release to allow Hebert access to information from the evaluator so that Hebert could be sure that the evaluation was done and that Hanson was following the treatment recommendations made by the evaluator.  Because Hanson would not sign the release, Hebert did not know if he had obtained an evaluation.

Hanson testified that he had completed a sexual offender evaluation with Dr. David Cantagallo in Manchester, New Hampshire, within the sixty days provided under the terms of his probation.  He said that he was not comfortable signing the release to allow Hebert access to the evaluation.  Hanson thought that he was not required to waive the physician-patient privilege and that Hebert could confirm that the evaluation had been done and that Hanson was following Dr. Cantagallo's treatment recommendations without the release.  Hanson also testified that he had not started the recommended treatment with Dr. Cantagallo or with any other provider.

The judge found that Hanson was in violation of the terms of his probation because, based on his own testimony, he was not undergoing treatment as recommended by Dr. Cantagallo.  The judge also found that although the sentencing order did not explicitly say that Hanson was required to waive the psychotherapist-patient

privilege, that was the only reasonable interpretation of the sentence and the terms and conditions of probation.

The judge noted that he had had previous dealings with Hanson during the pretrial process and sentencing and that treatment was the best way to protect the public from being harmed by Hanson's behavior. Because of Hanson's demonstrated attitude of noncompliance, the judge concluded that he would sentence him to the state prison with a recommendation for treatment. The sentence imposed was two and a half to seven years with an additional disciplinary period of 150 days. Hanson's appeal was declined by the New Hampshire Supreme Court.

Hanson brought a petition for a writ of habeas corpus in state court, challenging his sentence for a probation violation. Hanson argued that a probation violation is not a crime, making his sentence for a probation violation illegal. Hanson also argued that the judge violated his rights by going forward with the probation violation hearing before investigating Hanson's motion for his recusal, by finding a probation violation based on his refusal to waive the psychotherapist-patient privilege, and by failing to credit him for time served while in pretrial detention and on probation. The court found no merit in Hanson's claims except that Hanson was credited with forty-two days for pretrial confinement.

Hanson, proceeding pro se, filed a petition for a writ of habeas corpus in this court on October 8, 2013. His first motion for summary judgment and other related motions were denied in the

order on preliminary review. The court determined that Hanson raised the following claims in support of his petition: that his sentence for a probation violation violated due process because probation violation is not a crime, that the sentence violated the state and federal prohibitions against double jeopardy, that the sentence violated due process because he was being punished for refusing to waive the psychotherapist-patient privilege, and the sentence violated state and federal rights not to be subjected to cruel and unusual punishment.

After the state filed its answer, Hanson filed a second motion for summary judgment. The warden did not respond to Hanson's motion but filed his own motion for summary judgment. Counsel entered an appearance on behalf of Hanson and was granted an extension of time to respond to the warden's motion for summary judgment. Hanson's partial objection to the warden's motion was filed within the time allowed.

## Standard of Review

In habeas proceedings, "[s]ummary judgment is proper if there is no genuine issue as to any material fact and the undisputed facts show that the moving party is entitled to judgment as a matter of law." Kuperman v. Wrenn, 645 F.3d 69, 73 (1st Cir. 2011); see also Fed. R. Civ. P. 81(a)(4). The requirements of 28 U.S.C. § 2254, however, govern review.

## Discussion

While proceeding pro se, Hanson sought summary judgment in his favor on all of his claims, but he is now represented by counsel. In his partial objection to the warden's motion for summary judgment, which was filed by counsel on Hanson's behalf, Hanson does not object to summary judgment except to the claim based on waiver of the psychotherapist-patient privilege. Therefore, the only claim remaining in the case is that Hanson's sentence for a probation violation violates the due process clause of the Fourteenth Amendment because he was not given notice that failure to waive the psychotherapist-patient privilege would result in incarceration.

When a habeas petitioner's claim has been adjudicated on the merits in state court, the petitioner must show that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). If, however, the federal claim was not adjudicated on the merits, a de novo standard applies. Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001), accord Wright v. Marshall, 656 F.3d 102, 107-08 (1st Cir. 2011). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any

indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011).

In this case, Hanson does not address the standard applicable to his claim. The warden states that the state habeas court did not address the privilege issue, making the de novo standard applicable to review of that issue. The warden further states that the habeas court did address due process, making that part of the analysis subject to deferential review.

Contrary to the warden's interpretation of the state court habeas decision, the state habeas court noted that Hanson challenged the requirement that he waive the psychotherapist-patient privilege but did not consider the due process implications of the privilege issue. Instead, the habeas court found that Hanson admitted he violated the terms of his probation by failing to begin recommended treatment, which made the privilege issue moot. Therefore, although the privilege issue and its due process implications were raised, they were not addressed by the state habeas court and the de novo standard applies.

Under the de novo standard, this court must decide whether the facts show that Hanson's incarceration for a probation violation was imposed without due process. See Fortini, 257 F.3d at 47. As the warden points out, the psychotherapist-patient privilege invoked by Hanson is an evidentiary rule, not a constitutional right. See In re State, 162 N.H. 64, 67-68 (2011) (quoting and explaining RSA 330-A:32). Therefore, to the extent

Hanson argues that he had a constitutional right to keep his communications with Dr. Cantagallo confidential, he is mistaken.

Hanson contends that due process required that he be given explicit prior notice that failure to waive the psychotherapist-patient privilege would cause him to be incarcerated. A person on probation is entitled to fair warning about what will constitute a violation of the terms of probation so that an unforeseeable interpretation of those terms may violate due process. See Douglas v. Buder, 412 U.S. 430, 432 (1973) (citing Bouie v. City of Columbia, 378 U.S. 347 (1964); accord Rogers v. Tennessee, 532 U.S. 451, 460 (2001); see also United States v. Morin, 889 F.2d 328, 335 (1st Cir. 1989) ("Unless the probationer received prior fair warning that his acts could lead to revocation, the district court's revocation violated due process and was an abuse of discretion." (internal quotation marks omitted)).

Under the terms and conditions of Hanson's probation, he was required to "to participate meaningfully and complete any counseling, treatment and educational programs as directed by the correctional authority or Probation/Parole Officer," to "undergo an adult sexual offender evaluation . . . [and] meaningfully comply with any and all treatment recommendations." In addition, he was told that "the above conditions shall be monitored by the Department of Corrections, Division of Field Services" and that "[v]iolation of probation or any of the terms of this sentence may result in revocation of probation and imposition of any

sentence within the legal limits for the underlying offense." The judge at the probation hearing found that the only reasonable interpretation of Hanson's sentencing document was that Hanson was required to waive the psychotherapist-patient privilege to allow his probation officer to monitor his compliance with the terms and conditions of probation.

Hanson cites no case that holds that due process requires explicit notice that a probationer will be required to waive the psychotherapist-patient privilege. Instead, as provided above, a probationer is entitled to fair warning of the terms and conditions of his probation. Based on the judge's interpretation of the sentencing document at the probation hearing, which Hanson does not challenge, Hanson received fair warning that he would be required to waive the psychotherapist-patient privilege in order to comply with the terms and conditions of probation.

In addition, both the judge at the probation hearing and the state habeas court found that Hanson admitted that he violated the terms of his probation by failing to begin recommended treatment. As the state courts found, Hanson's admission provides grounds for the probation violation and sentence which do not implicate the due process issue he raises.

Hanson does not dispute the facts as found by the habeas court. "A state court's factual findings are presumed to be correct unless the petitioner rebuts the presumption with clear and convincing evidence." Companonio v. O'Brien, 672 F.3d 101, 109 (1st Cir. 2012) (citing 28 U.S.C. § 2254(e)). Therefore,

Hanson has not shown that the state habeas court's decision violates his right to due process.

## Conclusion

For the foregoing reasons, Hanson's motion for summary judgment (document no. 15) is denied.  The warden's motion for summary judgment (document no. 19) is granted.  The petition for a writ of habeas corpus (document no. 1) is denied.

Because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 24, 2014

cc:   Jared Joseph Bedrick, Esq.
      Elizabeth C. Woodcock, Esq.